**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant, Medco Health Solutions, Inc., d/b/a Medco

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA, <br><br> Plaintiff, <br><br> vs. <br><br> MEDCO HEALTH SOLUTIONS, INC. d/b/a MEDCO, VAROLII, INC., WEST CORPORATION d/b/a WEST BUSINESS SERVICES INC., JANETTE KAY NELSON, JOHN DOES (1-10) and ABC CORPORATIONS (1-10), each acting individually, in concert, or as a group, <br><br> Defendants. | CIVIL ACTION NO. _____ |

## CIVIL ACTION – NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendant, Medco Health Solutions, Inc., d/b/a Medco (hereinafter referred to as "Medco"), petition this Honorable Court for an order pursuant to 28 U.S.C. § 1441, et seq., removing to the United States District Court, District of New Jersey, a matter instituted in the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket Number BER-L-3778-11.

**PLEASE TAKE FURTHER NOTICE** that a copy of this removal petition has been filed with the Clerk of the Superior Court, Law Division, Bergen County, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that by effecting removal of this civil action, Medco reserves all rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, but not limited to, FED. R. CIV. P. 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this notice of removal, Medco relies upon the following:

1. On or about April 27, 2011, Richard M. Zelma, pro se, filed a complaint in the Superior Court of New Jersey, Law Division, Bergen County, bearing docket no. BER-L-3778-11. Annexed hereto as Exhibit "A" is a copy of the summons, complaint and civil case information statement which constitutes all process, pleadings and/or orders served upon and first received by Medco to date within the meaning and intent of 28 U.S.C. § 1446.

2. Medco was first served with the summons, complaint and civil case information statement on May 16, 2011. Removal is therefore timely under 28 U.S.C. § 1446(b) in that the filing of the within petition occurred prior to the expiration of 30 days of service of summons and complaint.

3. In his complaint, Zelma not only alleges violations of New Jersey State statutes and 47 U.S.C. § 227, which provides for state court jurisdiction over certain claims arising out of the federal statute; he also alleges violations of other federal statutes that do not include similar provisions.

4. The Court's review of the complaint will reveal that Zelma alleges that he was contacted by West and Varolii on various occasions on behalf of Medco and, as concerning the

contact by West, at the direction of Nelson. (Complaint ¶¶8, 18, 26, 34). Zelma alleges that he had previously instructed Medco not to call or share his medical information or phone numbers with anyone unless it related to a medical related need or urgency. (Complaint ¶13). Plaintiff alleges that the sharing of medical/pharmaceutical information by Medco with Varolii, West and Nelson is a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), P.L. 104-191, 42 U.S.C. §1320d-1320d-8; 45 CFR Parts160 and 164. (Complaint ¶¶ 13, 43, 49).

5. Plaintiff alleges that the defendants violated 47 U.S.C. § 217 by "failing to act to stop such calls under their employment, direction and/or control." (Complaint ¶¶ 63-64).

6. Plaintiff further alleges that the defendants violated 47 U.S.C. § 223 (a)(1)(C) by "making a telephone call or utilizing a telecommunications device, whether or not conversation or communication ensued, without disclosing their identity and with intent to annoy, abuse, or harass plaintiff at his home"; 47 U.S.C. § 223 (a)(1)(D) by "making or causing Plaintiffs telephone to repeatedly or continuously ring, with intent to harass Plaintiff at his home"; and 47 U.S.C. § 223 (a)(1)(E) by "initiating excessive and repeated telephone calls or repeatedly initiating communication with a telecommunications device, some of which conversation or communication ensued, solely to harass Plaintiff at his home." (Complaint ¶¶ 65-70).

7. Removal is therefore appropriate under and pursuant to 28 U.S.C. § 1441(a) and (b). See, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

8. All defendants have consented to the removal of this matter. Submitted separately herewith are two Notices of Consent to Remove executed by Howard B. Mankoff, Esq. on behalf of West Corporation and Janette Kay Nelson, and Jeff Shelby, Esq. on behalf of Varolii Corporation.

9. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendant,
Medco Health Solutions, Inc., d/b/a Medco

Dated: June 14, 2011

By: _____
JENNIFER M. SCHNEIDER
jschneider@mdmc-law.com