EXHIBIT A

SUPERIOR COURT BERGEN COUNTY
**FILED**

APR 27 2011

**DEPUTY CLERK**

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
Tel. No: 201 767 8153

Richard M. Zelma
Plaintiff
Vs.

Medco Health Solutions Inc.,
d/b/a Medco and Varolii, Inc. and
West Corporation, d/b/a West
Business Services Inc., and
Janette Kay Nelson and John
Does' (1-10) and ABC
Corporations' (1-10); each acting
individually, in concert, or as a
group.
Defendants'

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

# LAW DIVISION

DOCKET NO. L – 3778 - 11

Civil Action

COMPLAINT

## I. INTRODUCTION

1.    Plaintiff, Richard M. Zelma, residing at 940 Blanch Avenue, Norwood, New Jersey, by way of Complaint as against Defendant says as follows:

2..    This suit is brought pursuant to applicable authorities; N.J.S.A. §56:8-119 *et seq*; 47 U.S.C. §227 *et seq*; N.J.S.A. §2C:33-4(c); 47 U.S.C. §217; and 47 U.S.C. §§223(a)(1)(C),(D)&(E), which prohibits continued unwanted calls made by telephone, over a period of time, directed at Plaintiff's residential telephone line, causing undue harassment, substantial and emotional distress, abuse, annoying and alarming his household with multiple repeated unidentified abandoned calls or calls which were falsely identified and misrepresented by third parties.

## II.  PARTIES

3.  Richard M. Zelma (hereinafter, "Plaintiff"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey, 07648.

### FACILITATOR DEFENDANT - MEDCO

4.  Upon information and belief, Facilitator Defendant, Medco Health Solutions Inc., (hereinafter, "Medco" or "Facilitator Defendant") is a Delaware Corporation with its principal place of business located at 100 Parsons Pond Drive, Franklin Lakes, NJ 07417.

5.  Medco is a supplier of prescription (Pharmacy) medications to Plaintiff. Medco may be served with Process at; The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, DE 19801.

### CALLER DEFENDANT - VAROLII

6.  Upon information and belief, Caller Defendant Varolii, Inc., (hereinafter, "Varolii" or "Caller Defendant") is a Seattle Washington Corporation, having call-center capability to deliver mass personalized communications (Voice Broadcasting), with its principal place of business located at 821 2ND Avenue, Suite 1000, Seattle, WA. Varolii may be served at the Corporation Service Company, 300 Deschutes Way SW, Ste 304, Tumwater, WA. 98501.

### CALLER DEFENDANT - WEST CORPORATION

7.  Upon information and belief, Caller Defendant West Corporation, d/b/a West Business Services, (hereinafter, "West" or "Caller Defendant") is among other things, a telemarketing entity with its principal place of business located at 11808 Miracle Hills Drive, Omaha NB 68154. West

2

may be served upon CSC-Lawyers Incorporating Service Company, Suite 1900, 233 South 13TH Street, Lincoln, NB 68508.

## DEFENDANT - JANETTE KAY NELSON

8.      Upon information, knowledge and belief, Defendant Janette Kay Nelson (hereinafter, "Nelson" or "Defendant") is Vice President and Senior Counsel at West. Nelson is the decision maker and driving force behind the unlawful calls initiated from her organization. Nelson is located at 11808 Miracle Hills Drive, Omaha NB 68154 and may be served at that location.

9.      Defendant Does' and ABC corporations' identities are currently unknown to Plaintiff and such parties will be identified as that information becomes available.

## III.    JURISDICTION AND VENUE

10.      The facts giving rise to this complaint had their primary effect in the County of Bergen. This court has subject matter jurisdiction pursuant to N.J.S.A. §56:8-119 *et seq;* 47 U.S.C. §227 *et seq;* 47 U.S.C. §217; 47 U.S.C. §§ 223 (a)(1)(C),(D),(E),(2) & (h)(1)(C) and N.J.S.A. §2C:33-4(c). This Court has general and specific personal jurisdiction over the defendant because it has engaged in substantial, continuous and systematic activities by repeatedly initiating unwanted calls into New Jersey, within this County, to Plaintiff, a resident whose phone numbers are on the Federal and States no-call list and the controlling jurisdiction in which the violations occurred.

11.      As further set out below, the defendants' and each of them purposely directed their activities towards Plaintiff's residential phone line, deliberately and in a continually harassing manner, alarming and annoying his household for their own financial gain.

3

## IV. NATURE OF CLAIMS

12. Plaintiff has always kept his telephone numbers under strict control and not shared with any business entity or individual unless necessary, as with the instant matter, it was offered only for health or medical related concerns.

13. Plaintiff's prescription medication is provided by Defendant Medco ("MEDCO"). Upon commencement of that relationship, Plaintiff clearly instructed Medco **not to call or share** any information, including medical, prescription or **phone numbers** with anyone, unless it pertained to a medical related need or urgency, *thereby severing any Established Business Relationship.* (EBR) (HIPAA - 45 C.F.R. §164.501) **[Emphasis added]**

14. Material to the calls addressed herein, each of the defendants management personnel denied, *ad nausium,* they were selling anything in the subject calls, but each were incapable of describing the purpose of their calls other then Plaintiffs own perception and understanding that the defendants, and each of them were calling to encourage Plaintiff to continue to purchase his prescription medication from Medco.

15. The FCC defines an "unsolicited advertisement" as "any material advertising the *commercial availability* or quality of any property, goods, or *services* which is *transmitted to any person without that person's prior express invitation or permission,* in writing *or otherwise.*" 47 U.S.C. §227(a)(5); 47 C.F.R. § 64.1200(f)(13). **[Emphasis added]**

16. The FCC defines a "telephone solicitation" as "*the initiation* of a *telephone call or message* for the purpose of *encouraging the purchase* or rental of, *or investment in,* property, *goods, or services,* which is *transmitted*

4

*to any person*, but such term does not include a call or message (A) to any person *with that person's prior express invitation or permission*, (B) to any person *with whom the caller has an established business relationship*, or (C) by a tax-exempt nonprofit organization. "47 U.S.C. §227(a)(4); 47 C.F.R. § 64.1200(f)(12). "[W]e have previously found that "prerecorded messages containing free offers and information about goods and services that are commercially available are prohibited to residential telephone subscribers, if not otherwise exempt." *TCPA Revisions Report and Order*, 18 FCC Rcd 14097-98 (2003). [Emphasis added]

## V.  FACTS RELEVANT TO THE COMPLAINT
### FACILITATOR DEFENDANT – MEDCO

17.     On or about May 2009, Medco implemented a campaign strategy to reach out to its customers in an ongoing effort to retain that customer base, given the known fact that the customer could shop elsewhere for their prescription medications.

18.     Subject to more formal discovery, on or about May, 2009, Plaintiff received several phone calls to his residential phone line from call-centers Medco contracted with to deliver a message via an Automated Dialing and Announcement Device (ADAD), which contained a carefully orchestrated script, with dialog to encourage Plaintiff to stay with Medco as his primary prescription medication provider.

19.     With instruction, approval, direction and knowledge of its in-house counsel[s], Medco violated Plaintiff's privacy and confidentiality by recklessly and carelessly sharing not only Plaintiffs phone number, but in addition, collaborated with and divulged to third parties (the Caller Defendants), all of Plaintiffs pharmaceutical related information. Id.

5

20. Medco shared such information with the Caller Defendants as well as Defendant Nelson, solely with the intent to up-sell Plaintiff and retain his business with Medco.

21. The dialog in the scripts the Caller Defendants used representing Medco, as well as the message[s] conveyed in those calls were purely to encourage Plaintiff to continue to purchase the products, goods or services (the prescription medication) from Medco.

22. Medco was clearly *encouraging the purchase; investment in, its goods, or services* as the foundation of the prohibited calls. ( Id ¶15&16)

23. Medco's callers initiated unsolicited advertisements as that term is defined. (See; ¶15)

24. Medco solicited Plaintiff as that term is defined, via his residential telephone line on the dates stated herein. (See; ¶16)

25. Medco is a benefactor to the calls at issue addressed herein.

## VI. FACTS RELEVANT TO THE COMPLAINT
### CALLER DEFENDANT - VAROLII

26. In the instant matter, Caller Defendant Varolii made at least four (4) calls to Plaintiff's residential telephone line using an ADAD, the exact number of calls to be determined through continuing discovery.

27. Each call was received on Plaintiffs Caller ID as "UNAVAILABLE" and devoid of a real phone number, made on the following dates and times;

> May 5, 2009 at 9:37 AM
> May 6, 2009 at 5:55 PM
> May 7, 2009 at 5:34 PM
> May 8, 2009 at 12:36 PM

6

28.     Upon Plaintiff's greeting to each of the repeated calls from Varolii, there was no response from the originating end, subsequently causing alarm to plaintiff and his wife that they were being stalked or harassed.

29.     Caller Defendant Varolii failed or refused to incorporate the requisite "abandoned call" announcement material to each of the subject calls Plaintiff answered. Varolii violated the provisions of 47 C.F.R. §§64.1200 (b)(1)&(2) and (c)(2).

30.     Upon receipt of the forth unidentified call, plaintiffs greeting was responded to by an (ADAD) with a prerecorded message claiming to be "Medco" and wanting to speak with Plaintiff about ways to help keep prescription drug costs as low as possible.

31.     The dialog of that call was a deception; its sole purpose to thwart the law by using "reverse consent", encouraging Plaintiff to call back and listen to a spiel about Medco's products, goods or services. A transcript of the subject call is attached herewith and made a part hereof as EXHIBIT-1.

32.     That message claimed to have Plaintiffs prescription information and proceeded to encourage Plaintiff to stay with Medco, dialog commonly defined under New Jerseys no-call law definition as an "upsell"; a prohibited and misleading call.

33.     Caller Defendant Varolii, using an (ADAD) and initiating calls to Plaintiffs residential telephone line with a prerecorded message was a violation of law. Id.

## VII.    FACTS RELEVANT TO THE COMPLAINT
## CALLER DEFENDANT - WEST

34.     Caller Defendant West initiated a call to Plaintiff's residential telephone line on September 28, 2009 and other dates that may surface

through continuing discovery, maliciously forging their identity to falsely display a Medco toll free number on Plaintiffs caller ID.

35.    On September 28, 2009, a West telephone sales representative, reading from a carefully orchestrated script, recited Plaintiffs specific prescription information by name and dosage and proceeded to converse with Plaintiff seeking additional prescription medication Plaintiff was currently taking. A transcript of said call is attached herewith and made a part hereof as [EXHIBIT – 2]

36.    The script used by West was nothing more then an attempt, shrouded in disguise, to solicit Plaintiff with an "up-sell", to keep Plaintiff as a Medco customer, to encourage his continued use of their products, goods or services, along with an implied suggestion that Medco has competition in that industry. ( Id ¶13,15&16)

37.    The Caller Defendants and each of them used an autodialer to initiate the calls at issue and did so absent express written consent from Plaintiff. ( Id ¶13, 15&16)

38.    Caller Defendant West was placed on notice back in 1998 and was prohibited from calling Plaintiff when notice was sent to (West) counsel, Thomas J. Culhane, Esq.

39.    Caller Defendant West using the (ADAD) to initiate calls to Plaintiffs residential telephone line was a violation of law.

### VIII.  FACTS RELEVANT TO THE COMPLAINT DEFENDANT - NELSON

40.    Plaintiff does not seek to pierce the corporate veil or shield, but sues Nelson individually in her capacity as owner, officer, principal, creator, producer and in-house counsel, who approved, instructed, directed,

8

controlled, participated in and profited from the wrongdoing of her company, Caller Defendant West.

**41.** Nelson instructed and directed her employees as well as telephone sales representatives to falsely identify and misrepresent themselves as [calling from] Medco. Acting in concert with Medco attorneys, Nelson composed and approved a carefully orchestrated script in a scheme that would provide a false sense of identity to the called party. Nelson was instrumental in the calls from West as she knowingly accepted and approved privileged, confidential and prohibited medical information, formulating that information into her script, to be used as the foundation for her organizations unlawful calls.

**42.** Nelson alleges to be an attorney and compliance officer with West, who, with reckless disregard of the law and attorney ethics, knowingly accepted confidential medical information from a client and proceeded to disseminate that information throughout her organization.

**43.** Neither Nelson nor her company was in a need-to-know position to obtain or acquire and maintain prohibited confidential medical prescription information. Nelson knew that she would violate HIPAA regulations as well as other federal and state medical related privacy regulations, relevant to the within matter, but chose to do so anyway.

**44.** Nelson knowingly compromised ethics issues, failed miserably as a compliance officer, ignoring previous no-call notices from Plaintiff and turned a blind eye by accepting confidential prescription information. Nelson willfully engaged in prohibited activity for her organization with the intent to profit from such confidential information used within her prohibited calls, which was the result.

9

**45.** Nelson previously claimed to have consent to receive Plaintiffs confidential medical information, but when asked to produce such documentation or authorization, failed, refused or was unable to do so.

**46.** Plaintiff sues Defendant Nelson under the Responsible Corporate Officer Doctrine.

## IX.  ADDITIONAL FACTS RELEVANT TO THE COMPLAINT

**47.**  Plaintiffs' phone numbers were listed with the Federal Trade Commissions national do-not-call list, effective, October 1, 2003. [16 C.F.R. 310 *et seq*]

**48.** Plaintiffs' phone numbers were placed on the NO-CALL list administered by the State of New Jersey, effective May 17, 2004. [N.J.S.A. §56:8-119]

**49.** Plaintiff severed his established business relationship (EBR) with Medco upon commencement of ordering prescriptions. ( Id ¶¶12&13)

**50.** The Facilitator Defendant and Caller Defendants are for-profit entities, whose calls are not exempt from harassing, alarming and annoying residents in the privacy and solitude of their home.

**51.** A business relationship with the Caller Defendants does not exist.

**52.**  Upon Plaintiffs information, knowledge and belief, the Caller Defendants', either individually or in concert with others, and at all times material and relevant; owned, operated and/or controlled "customer premises [telephone] equipment" (CPE) as defined by Title 47 U.S.C. §§153(14) and (29), and that said "customer premises equipment", originated, routed and/or terminated telecommunications.

53.     Caller Defendants dialers use protocol Signaling System 7 (SS7) [Caller ID]. The Caller Defendants' willfully or knowingly blocked, cloaked, spoofed, deprogrammed, manipulated or shrouded the actual numbers from which such calls initiated, causing "-UNAVAILABLE-" to appear in Caller ID or purposely programmed a toll-free number to be displayed in Plaintiffs Caller ID as the source from which the subject call[s] originated.

54.     It is a technical impossibility for Signaling System 7 (SS7) to transmit a toll-free phone number that terminates on a recipients caller ID as the source from which the call originated. Toll-free numbers are technically shell numbers, incapable of initiating phone calls. A toll-free number has data backed by a real phone number, that real number is often referred to as a "POT's" number or Plain Old Telephone number. It is technically known as the Ring-To or Translation Number. It is a number subscribed to or assigned by a Common Carrier to the Caller Defendants and it is the actual number initiating the call[s]. Material to the within matter, "That" number was purposely disguised for one specific reason, to hide the callers identity and evade liability.

55.     Upon Plaintiffs information, knowledge and belief, the Caller Defendants, either individually or in concert with others, and at all times material and relevant hereto; willfully or knowingly directed, contracted, overseen and retained their own affiliates and subsidiaries or hired others, herein referred to as Does' and ABC Corporations, to solicit Plaintiff for the defendants calls and did so as described and defined above.

56.     The defendants and each of them caused undue harassment, substantial and emotional distress and abuse by annoying and alarming Plaintiffs household with multiple unidentified and/or abandoned calls.

11

57.    The defendants' knew or should have known their conduct would upset and annoy and cause alarm to plaintiff, which was the result.

58.    Defendants' are therefore liable along with the currently unnamed defendants, under the terms of 47 U.S.C. §217.

59.    Plaintiff will suffer continual harassment along with substantial emotional distress and abuse that will often annoy and alarm his household if each of the Defendants' are permitted to continue to engage in their questionable practices, if Permanent Injunctive Relief is not granted.

60.    At all times relevant, the Caller Defendants' purposely, willfully or knowingly made the calls at issue, to Plaintiff's residential telephone line, initiated or caused the making of those calls, which were purely commercial in nature, to benefit the Defendant's own financial gain.

61.    The violations described herein were caused by the acts, omissions, and/or failures of the defendants and each of them, their counsel, partner[s], manager[s], officer[s], agent[s], affiliate[s], director[s], subsidiaries and/or employee[s], each acting within or under the scope of their employment, agency or control.

62.    Accordingly, Plaintiff seeks relief against the Facilitator Defendant, Caller Defendants' and individual Defendant Nelson for actual damages, (47 U.S.C. 227 et seq) punitive damages, remedial damages pursuant to N.J.S.A. §56:8-119 as well as Permanent Injunctive Relief pursuant to the foregoing and as against each defendant.

### X. COUNT ONE
### ENGAGING IN PROHIBITED
### ACTIVITY PURSUANT TO 47 U.S.C. §217

63.     Plaintiff repeats and re-alleges and incorporates by reference Paragraphs one through sixty-two as if set forth in full at length.

64.     The Defendants' and each of them violated the provisions of 47 U.S.C. §217, by failing to act and stop such calls under their employment, direction and/or control. The Defendant knowingly allowed the initiation of repeated, abandon calls along with cloaked Caller ID, in which case such calls subsequently became harassing, alarming and abusive or seriously annoying to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff punitive damages for the subject calls addressed in Count One.

## XI.     COUNT TWO
## ENGAGING IN PROHIBITED TELEPHONE ACTIVITY
## PURSUANT TO 47 U.S.C. §§223 (a)(1)(C);(D)&(E).

65.     Plaintiff repeats and re-alleges and incorporates by reference Paragraphs one through sixty-four as if set forth in full at length.

66.     The Defendants' and each of them violated the provisions of 47 U.S.C.§223(a)(1)(C) by making a telephone call or utilizing a telecommunications device, whether or not conversation or communication ensued, without disclosing their identity and with intent to annoy, abuse, or harass plaintiff at his home.

67.     The Defendants' and each of them purposely took measures to obscure their identity from Plaintiff in each of their calls by blocking accurate Caller ID.

13

68. The Defendants' and each of them violated the provisions of 47 U.S.C.§223 (a)(1)(D) by making or causing Plaintiffs telephone to repeatedly or continuously ring, with intent to harass Plaintiff at his home.

69. The Defendants' and each of them abandoned most of their calls material to each campaign subsequently causing alarm in Plaintiffs household.

70. The Defendants' and each of them violated the provisions of 47 U.S.C.§223 (a)(1)(E) by initiating excessive and repeated telephone calls or repeatedly initiating communication with a telecommunications device, some of which conversation or communication ensued, solely to harass Plaintiff at his home.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff punitive damages for the harassing calls addressed in Count Two.

## XII.   COUNT THREE
### ENGAGING IN PROHIBITED TELEPHONE
### ACTIVITY PURSUANT TO N.J.S.A. §2C:33-4(c)
### REPEATED HARASSING UNLAWFUL CALLS

71. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs one through seventy above as if set forth in full at length.

72. The Defendants' and each of them violated the provisions of N.J.S.A. §2C:33-4(c) by initiating in excessive unlawful calls to a residential telephone subscriber, with the purpose to harass and repeatedly committed these acts or practices to alarm or seriously annoy Plaintiff.

73. The Defendants' and each of them violated the provisions of N.J.S.A. §2C:33-4(c) by initiating in excessive unlawful calls to Plaintiff in which they repeatedly shrouded Caller ID to evade identity.

14

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff punitive damages for each of the unlawful calls addressed in Count Three.

### XIII.  COUNT FOUR
### ENGAGING IN PROHIBITED
### ACTIVITY PURSUANT TO N.J.S.A. §56:8-119
### & AUTHORITY OF 47 U.S.C. §227 *et seq*

74.  Plaintiff repeats and re-alleges and incorporates by reference Paragraphs one through seventy-three above as if set forth in full at length.

75.  The Defendants and each of them initiated multiple phone calls to Plaintiffs residential telephone line, in a campaign to up-sell Plaintiff, to maintain his customer status with Medco as his prescription provider.

76.  The New Jersey no-call-law, codified at N.J.S.A. §56:8-119 defines "Telemarketing" as a plan, program or campaign which is conducted by telephone to encourage the purchase or rental of, or investment in, merchandise, but does not include the solicitation of sales through media other than a telephone call."

77.  The Defendants and each of them initiated those calls to Plaintiff with the intent to encourage the continued purchase of Medco's products, services and merchandise, i.e., prescription medications.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff punitive and actual damages for each of the unlawful calls addressed in Count Four.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

15

(a) Award Plaintiff Punitive damages for the series of calls subject to Count One.

(b) Award Plaintiff Punitive damages for the series of calls subject to Count Two.

(c) Award Plaintiff punitive damages for the series of unlawful calls subject to Count Three

(d) Award Plaintiff punitive and actual damages for the series of unlawful calls subject to Count Four

(e) Award Plaintiff the cost of this litigation pursuant to N.J.S.A. §56:8-19

(f) Award Plaintiff attorney fees as applicable, pursuant to [N.J.S.A. §56:8-19 et seq]

(g) Award Plaintiff Permanent Injunctive Relief pursuant to N.J.S.A. §2C:33-4(c) and 47 U.S.C. §227(b)(3)(A)

(h) In the alternative, award Plaintiff any Other Equitable Relief the Court deems justified to stop the aggravated harassment addressed and described herein.

(i) Plaintiff reserves the right to supplement this prayer, in the event additional violations surface through continuing discovery.

(j) Plaintiff waives any award in excess of $74,500.00, (Seventy Four Thousand Five Hundred Dollars), excluding costs and /or legal fees

16

Respectfully submitted,

By: _____
RICHARD M. ZELMA, *pro se*

Dated: April 25, 2011


## CERTIFICATION PURSUANT TO R. 4:5-1

1.    I am the Plaintiff, *pro se* in this matter and make this Certification in compliance with R. 4:5-1.

2.    The matter in controversy in this action is not the subject of any other action pending in any Court or of a pending arbitration proceeding. No other action or arbitration is contemplated by plaintiff.

3.    I am unaware of any other individual or entity which should be joined in this action.

I hereby certify that the foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
RICHARD M. ZELMA, *pro se*

Dated: April 25, 2011

17

### NOTICE TO ATTORNEY GENERAL
### FOR THE STATE OF NEW JERSEY

NOTICE IS HEREBY GIVEN to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A.* *§56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

RICHARD M. ZELMA, *pro se*
PLAINTIFF
Dated: April 25, 2011
Norwood, NJ 07648

### NOTICE TO HEALTH AND HUMAN SERVICES
### OFFICE OF CIVIL RIGHTS
### FOR THE STATE OF NEW JERSEY

NOTICE IS HEREBY GIVEN to Michael Carter, Regional Manager, Office for Civil Rights, U.S. Department of Health and Human Services, for the within claims based upon violations of The Health Insurance Portability and Accountability Act of 1996.

It is with Plaintiffs information, knowledge, understanding and belief that various Medco in-house counsels were familiar with the foregoing conduct and did approve the unlawful sharing of personally protected medical information.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid at; Jacob Javits Federal Building, 26 Federal Plaza, Suite 3312, New York, NY 10278,

RICHARD M. ZELMA, *pro se*
PLAINTIFF
Dated: April 25, 2011
Norwood, NJ 07648

18

EXHIBIT 1

**Transcript - VAROLII - Solicitation**
To [201] 767 8153

Date of Solicitation – May 8, 2009

Norwood, NJ 07648

(Recipient) Richard Zelma (RZ)

(RESPONDENT) VAROLII (VI)

CALL TRACE – RESULTS – ACTIVATE – OUT OF AREA

CALLER ID / OUTPUT CALLER ID – CHECKSUM - 0

SS7 – DATA INDICATOR – SPOOFED

IDENTIFIER – UNAVAILABLE– ORIGIN - FALSE

START TIME – 12:36 PM [ETZ]     DURATION – 1:00 mn/sec

> Transcriber: Richard M. Zelma
> Location   Norwood, NJ 07648

> Digital Logger - Recorded
> Recording Operator: Auto Record

[EVIDENCE DATE STAMP - May - eighth - two – thousand - nine]

1. **In - Ring count - 4**

2. **(RZ):** Hello.

3. **(VI):** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

4. **(RZ):** Hello. . . HELLO

5. **(VI):** This is Medco your prescription drug benefit manager calling on behalf of your health plan.

6. **(RZ):** Hello

7. **(VI):** If this is . . . Richard . . . Zelma . . , press one . . . if not press two. . . . .

8. **(RZ):** Hello . . . hello

9. **(VI):** This is Medco, your prescription drug benefit manager calling for . . . Richard . . . Zelma . . . on behalf of your health plan.

10. **(RZ):** Hello, is this a recording? . . . Hello - hello

11. **(VI):** We would like to speak with you about ways to help keep prescription drug costs as low as possible. Please call us at 1-8-6-6-4-5-9-0-2-0-5 and enter message code (inaudible). . . . . . . . . . . . . . .

12. **(RZ):** Hello, could you please repeat that.

13. **(VI):** Thank you from Medco. Good bye.

14. **END OF CALL**

EXHIBIT 2

### Transcript - WEST BUSINESS SERVICES - Solicitation
To [201] 767 8153

Date of Solicitation - September 28, 2009

Norwood, NJ 07648

(Recipient) Barbara Zelma (BZ)

(Recipient) Richard Zelma (RZ)

(RESPONDENT) West Business Services (WB)

CALL TRACE – RESULTS – ACTIVATE - No

CALLER ID / OUTPUT CALLER ID – CHECKSUM - 0

SS7 – DATA INDICATOR – SPOOFED

IDENTIFIER – 800 714 4238 – ORIGIN - FALSE

START TIME – 9:16 AM [ETZ]     DURATION – 3:37 mn/sec

Transcriber: Richard M. Zelma
Location   Norwood, NJ 07648

Digital Logger - Recorded
Recording Operator: Richard M. Zelma

[EVIDENCE DATE STAMP - September - twenty – eight - two – thousand - nine]

1. In - Ring count - 2

2. (BZ): Hello

3. (WB): Hello, my name is Emily Dean. I am a benefit specialist with Medco. Is Richard Zelma available?

4. (BZ): Just a second. What was the company?

5. (WB): Medco. We're his prescription drug... (Inaudible)

6. (BZ): Oh. Just a minute.

7. (RZ): Hello.

8. (WB): Hello. Yes, Mr. Zelma?

9. (RZ): Yes.

10. (WB): Yes, my name is Emily Dean. I am a benefit specialist with Medco. Yes, we are your prescription drug benefit manager through Alcatel Lucent and I am actually calling today in reference to a letter that you may have recently received from us explaining that the costs on your long term medications would be going up at your local pharmacy, but by going through Medco by Mail you can actually help keep those costs down and save money on your prescriptions. Now before I continue though, I just need to inform you that this call may be monitored and recorded for quality assurance. And here at Medco we take our patient privacy and protection very seriously. So just to verify that I am speaking with the correct person, I would just need for you to either verify your date of birth or your shipping address, please.

11. (RZ): OK and I need to inform you that this call is being recorded.

12. (WB): OK and what is your address?

13. (RZ): 940 Blanche Avenue in Norwood.

14. (WB): Okay, and city, state, and zip code?

15. (RZ): Why?

16. (WB): I need to verify I'm speaking with the correct person.

17. (RZ): Well you called me, right?

18. (WB): Right.

19. (RZ): So, what are you trying to confirm?

20. (WB): Well, I was just trying to con- (Inaudible) to verify that I was speaking with the correct person and it's for your privacy and protection sir.

21. (RZ): Oh.

22. (WB): I just need for you to verify the state and zip code as well, please.

23. (RZ): The state?

24. (WB): Yeah.

25. (RZ): New Jersey. 07648.

26. (WB): Thank you so much. And I see here that you are taking the Nexium caps? Let's see here. The Nexium caps 40mg. Are you still taking those?

27. (RZ): No.

28. (WB): Okay. I also see that you were taking the Nasonex scent free nasal spray 17 grams...(unintelligible). Are you still taking those by any chance?

29. (RZ): No.

30. (WB): Okay. I do see that you are getting most of your medications filled through Medco by Mail and if you need anything processed or refilled we can also take care of that if you'd like.

31. (RZ): Well isn't that the way it always works?

32. (WB): Yes, it looks like you are getting your medications filled through Medco by Mail already. And that's fine-

33. (RZ): Are you with Medco or are you an outside company calling for or on behalf of Medco?

34. (WB): No, I'm with Medco

35. (RZ): I understand that but are you with Medco by contract, meaning you're calling on their behalf

36. (WB): No, I'm with Medco

37. (RZ): Your paycheck says Medco?

38. (WB): Yes.

39. (RZ): And what state are you in?

40. (WB): I'm calling . . . well - (Inaudible) I'm actually calling from West.

41. (RZ): West? What's west?

42. (WB): West Business Services? We are a contracted company---

43. (RZ): (repeats) West Business Services?

44. (WB): Yes.

45. (RZ): Like in West Telemarketing Services?

46. (WB): No. West Business Services.

47. (RZ): Are you a part of West Telemarketing

48. (WB): Yes

49. (RZ): Where are you located, in Nebraska?

50. (WB): Mayfair, Arizona, Sir.

51. (RZ): Okay. We don't participate in anything through a third party company.

52. (WB): Right. Well Medco has hired West to do some of their customer service work. They are just a contracting company that some companies

hire.

53. (RZ): For what purpose?

54. (WB): They're just - It's an outsourcing company sir.

55. (RZ): It's what?

56. (WB): An outsourced company.

57. (RZ): What do you mean - an outsourced company?

58. (WB): Well, they hire West to manage some of their more customer service business.

59. (RZ): What kind of phone are you using? Are you on a cell phone?

60. (WB): No, I'm on a headset, sir.

61. (RZ): You're on a headset?

62. (WB): Yes.

63. (RZ): Well, the connection is awful.

64. (WB): Okay.

65. (RZ): Alright.

66. (WB): Alright. Well there is also a 1 800 number on your prescription drug ID card, sir, and we are available to you 24/7 as well. Thank you.

67. END OF CALL

# CIVIL CASE INFORMATION STATEMENT



## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),**
if information above the black bar is not completed or
if attorney's signature is not affixed.

| | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| 1. ATTORNEY/PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| Richard M. Zelma | (201) 767-8153 | Bergen |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (When available) |
|---|---|
| N/A | BER-L- 3778 - 11 |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 940 Blanch Avenue<br>Norwood NJ 07648 | COMPLAINT |
| | 8. JURY DEMAND ☐ YES ☒ NO |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| Richard M. Zelma, pro se<br>PLAINTIFF | RICHARD M. ZELMA vs. Medco Health Solutions Inc., d/b/a Medco; Varolii, Inc.; West Corporation, d/b/a West Business Services Inc., and Janette Kay Nelson |

| 11. CASE TYPE NUMBER (See reverse side for listing) | 12. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 699 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| 13. RELATED CASES PENDING? ☐ YES ☒ NO | 14. IF YES, LIST DOCKET NUMBERS |
|---|---|

| 15. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO | 16. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN |
|---|---|
| | ☐ NONE ☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 17. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|---|

| 18. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO |
|---|

| 19. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION: |
|---|
| |

| 20. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|

| 21. WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

22. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

23. ATTORNEY SIGNATURE:

Effective 09/01/2009, CN 10517-English

page 1 of 2





# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)**

**Track I — 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699 TORT – OTHER

**Track III — 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES
- 620 FALSE CLAIMS ACT

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280 Zelnorm
- 285 Stryker Trident Hip Implants

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 279 | GADOLINIUM |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE | 282 | FOSAMAX |
| 272 | BEXTRA/CELEBREX | 283 | DIGITEK |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 275 | ORTHO EVRA | 286 | LEVAQUIN |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold ☐ Putative Class Action ☐ Title 59

Attorney *in fact*: Richard M. Zelma, *pro se*
940 Blanch Avenue
Norwood, New Jersey 07648

Tel: 201 767 8153
Attorney for *SELF*

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY

## LAW DIVISION

RICHARD M. ZELMA
    Plaintiff
    Vs.
**Medco Health Solutions Inc., d/b/a Medco;
Varolii, Inc.; West Corporation, d/b/a West
Business Services Inc. and Janette Kay Nelson**
    Defendant(s)

Docket No. BER – L – 3778 - 11

CIVIL ACTION

## SUMMONS

**From The State of New Jersey** To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Jennifer M. Perez,
Acting Clerk of the Superior Court

**DATED:** April 27, 2011
Name and Address of Defendants to Be Served:
**Defs'. Medco Health Solutions Inc.**, Serve: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, DE 19801.
**Defs'. Varolii, Inc.**; Serve: Corporation Service Company, 300 Deschutes Way SW, Ste. 304, Tumwater, WA. 98501.
**Defs'. West Corporation.** Serve: CSC-Lawyers Incorporating Service Company, Suite 1900, 233 South 13TH Street, Lincoln, NB 68508.
**Def; Janette Kay Nelson;** Serve individually at; West, 11808 Miracle Hills Drive, Omaha NB 68154

Revised 09/01/2010, CN 10792-English (Appendix XII-A)

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Revised 09/01/2010, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN: 10153-English

Page 2 of 4