14180.06229HBM
MARSHALL, DENNEHEY, WARNER,
     COLEMAN & GOGGIN
425 EAGLE ROCK AVENUE, SUITE 302
ROSELAND, NJ 07068
(973) 618-4100
ATTORNEYS FOR DEFENDANTS - WEST CORPORATION AND JANETTE KAY
NELSON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

** ELECTRONICALLY FILED **

| | |
|---|---|
| RICHARD M. ZELMA,<br><br>Plaintiff<br><br><br>v.<br><br>MEDCO HEALTH SOLUTIONS INC.,<br>d/b/a MEDCO; VAROLII, INC.;<br>WEST CORPORATION, d/b/a WEST<br>BUSINESS SERVICES INC. and<br>JANETTE KAY NELSON and JOHN<br>DOES' (1-10) and ABC<br>CORPORATIONS' (1-10); each<br>acting individually, in<br>concert, or as a group,<br><br>Defendants | Civil Action No. 2:11-cv-03465-<br>FSH-PS<br><br><br><br>ANSWER<br>ON BEHALF OF DEFENDANTS<br>WEST CORPORATION AND JANETTE KAY<br>NELSON |

Defendants, West Corporation and Janette Kay Nelson, by way of Answer to the Complaint, state:

1.   The answering defendants are without sufficient information to admit or deny the allegation that the plaintiff

resides at 940 Blanch Avenue, Norwood, New Jersey and as such, the plaintiff is left to his proofs.

2.   This paragraph contains a list of statute, which the plaintiff claims were violated by the defendants. The answering defendants deny they violated any of the statutes listed in this paragraph.

3.   The answering defendants are without sufficient information to admit or deny this allegation and the plaintiff is left to his proofs.

4.   The answering defendants are without sufficient information to admit or deny this allegation and the plaintiff is left to his proofs.

5.   The answering defendants are without sufficient information to admit or deny this allegation and the plaintiff is left to his proofs.

6.   The answering defendants are without sufficient information to admit or deny this allegation and the plaintiff is left to his proofs.

7.   It is denied that West Corporation is a telemarketing entity. It is admitted that West Corporation has offices at 11808 Miracle Hills Drive, Omaha, Nebraska. It is denied West Corporation and Janette Kay Nelson were properly served.

8.   It is admitted that Janette Kay Nelson is a vice president and counsel at West. It is denied that "Nelson is the

decision maker and driving force behind the unlawful calls initiated from her organization." It is denied that any calls were unlawful. It is admitted that Ms. Nelson has an office at 11808 Miracle Hills Drive, Omaha, Nebraska.

9.   This paragraph identifies fictitious parties, and as such, it is neither admitted nor denied.

10.  It is denied that there were any effects which took place in Bergen County. It is denied that the Superior Court of New Jersey has jurisdiction.

11.  It is denied that the answering defendants harassed, alarmed or annoyed the plaintiff or any member of his household, for financial gain or for any other reason.

12.  Denied.

13.  It is admitted that the plaintiff obtained pharmacy medication through Medco's mail order pharmacy. The other allegations in this paragraph are denied.

14.  Denied.

15.  This is a legal conclusion, requiring no response.

16.  This is a legal conclusion, requiring no response.

17.  This allegation is not directed to the answering defendants and as such, it is neither admitted nor denied.

18.  To the extent the plaintiff intends that the allegation in this paragraph should apply to the answering defendants, the allegation is denied.

19. To the extent the plaintiff intends that the allegation in this paragraph should apply to the answering defendants, the allegation is denied.

20. To the extent the plaintiff intends that the allegation in this paragraph should apply to the answering defendants, the allegation is denied.

21. To the extent the plaintiff intends that the allegation in this paragraph should apply to the answering defendants, the allegation is denied.

22. This allegation is not directed to the answering defendants, and as such, it is neither admitted nor denied.

23. To the extent the plaintiff intends that the allegation in this paragraph should apply to the answering defendants, the allegation is denied.

24. To the extent the plaintiff intends that the allegation in this paragraph should apply to the answering defendants, the allegation is denied.

25. To the extent the plaintiff intends that the allegation in this paragraph should apply to the answering defendants, the allegation is denied.

26. This allegation is not directed to the answering defendants, and as such, it is neither admitted nor denied.

27. This allegation is not directed to the answering defendants, and as such, it is neither admitted nor denied.

28. This allegation is not directed to the answering defendants, and as such, it is neither admitted nor denied.

29. This allegation is not directed to the answering defendants, and as such, it is neither admitted nor denied.

30. This allegation is not directed to the answering defendants, and as such, it is neither admitted nor denied.

31. This allegation is not directed to the answering defendants, and as such, it is neither admitted nor denied.

32. This allegation is not directed to the answering defendants, and as such, it is neither admitted nor denied.

33. This allegation is not directed to the answering defendants, and as such, it is neither admitted nor denied.

34. It is admitted that an employee of West Corporation called the plaintiff's telephone line on September 28, 2009. It is denied that there were any other calls. It is denied that the identity of the caller was forged.

35. The transcript of the call attached as Exhibit 2 speaks for itself.

36. It is denied that there was an attempt to "up-sell."

37. Denied.

38. Denied.

39. Denied.

40. This is a statement of the plaintiff's legal theory. The answering defendants deny that the plaintiff's legal theory

is valid or that defendant Nelson is in anyway liable to the plaintiff.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. This is a statement of the plaintiff's legal theory. The defendant Nelson denies that she is liable to the plaintiff under this theory or any other legal theory.

47. The answering defendants are without sufficient information to admit or deny this allegation and the plaintiff is left to his proofs.

48. The answering defendants are without sufficient information to admit or deny this allegation and the plaintiff is left to his proofs.

49. The answering defendants are without sufficient information to admit or deny this allegation and the plaintiff is left to his proofs.

50. To the extent the plaintiff means to imply in this paragraph that the answering defendants violated any statute or regulation, the allegation is denied.

51. Denied.

52. Denied.

53.  Denied.

54.  Denied.

55.  Denied.

56.  Denied.

57.  Denied.

58.  Denied.

59.  Denied.

60.  Denied.

61.  Denied.

62.  To the extent the plaintiff means to imply in this paragraph that the defendants are liable to the plaintiff for violating the statutes mentioned in this paragraph, the allegation is denied.

## COUNT ONE

63.  The answers to the allegations of the preceding paragraphs are repeated as if set forth fully at length herein.

64.  Denied.

WHEREFORE, the answering defendants demand judgment dismissing the Complaint and awarding the defendants counsel fees and costs of suit.

## COUNT TWO

65.  The answers to the allegations of the preceding paragraphs are repeated as if set forth fully at length herein.

66.  Denied.

67.  Denied.

68.  Denied.

69.  Denied.

70.  Denied.

WHEREFORE,   the   answering   defendants   demand   judgment dismissing  the  Complaint  and  awarding  the  defendants  counsel fees and costs of suit.

## COUNT THREE

71.  The   answers   to   the   allegations   of   the   preceding paragraphs are repeated as if set forth fully at length herein.

72.  Denied.

73.  Denied.

WHEREFORE,   the   answering   defendants   demand   judgment dismissing  the  Complaint  and  awarding  the  defendants  counsel fees and costs of suit.

## COUNT FOUR

74.  The   answers   to   the   allegations   of   the   preceding paragraphs are repeated as if set forth fully at length herein.

75.  Denied.

76.  Denied.

77.  Denied.

WHEREFORE,   the   answering   defendants   demand   judgment dismissing  the  Complaint  and  awarding  the  defendants  counsel fees and costs of suit.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint is barred by the applicable Statute of Limitations.

### Second Affirmative Defense

The Complaint fails to set forth a claim upon which relief can be granted.

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Rule of Civil Procedure 11.2, I hereby certify that the matter in controversy is not currently the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

## TRIAL COUNSEL DESIGNATION

Howard B. Mankoff is hereby designated as trial counsel for defendants West Corporation and Janette Kay Nelson.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
Attorneys for Defendants,
West Corporation and Janette
Kay Nelson.

By: _____ /s/ Howard B. Mankoff
          HOWARD B. MANKOFF, ESQ.

Dated: July 6, 2011

11/1291591.v1