<u>NOT FOR PUBLICATION</u>                                                                                          CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA, | : |
| | : Civil Case No. 11-3465 (FSH) (PS) |
| Plaintiff, | : |
| | : <u>ORDER</u> |
| v. | : |
| | : September 1, 2011 |
| MEDCO HEALTH SOLUTIONS, INC., *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

<u>**HOCHBERG, District Judge:**</u>

This matter having come before the Court upon the motion to remand filed by plaintiff, Richard Zelma, and this Court having considered the parties' written submissions pursuant to Fed. R. Civ. P. 78; and

it appearing that this action was originally filed in the Superior Court of New Jersey, Law Division, Bergen County and was removed to this Court on June 15, 2011 by defendant Medco Health Solutions, Inc. ("Medco"); and

it appearing that plaintiff's Complaint contains four counts, which seek relief based on allegations that defendants engaged in improper telemarketing practices in violation of both federal and state law; and

it appearing that the Complaint also contains allegations relating to the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d-1320d-8 ("HIPAA"), but does not demand relief for alleged HIPAA violations in any of its four counts; and

1

it appearing that plaintiff does not seek relief for alleged HIPAA violations and has agreed to voluntarily strike Counts I, II, and III of the Complaint;[1] and

it appearing that Medco does not oppose the remand of this action, provided that the dismissal of Counts I-III is with prejudice; and

it appearing as a result that plaintiff's motion to remand this action to the Superior Court is unopposed;[2] and

it appearing that the dismissal of Counts I, II, and III, coupled with plaintiff's representation that he does not seek relief for alleged HIPAA violations, will result in this Court lacking both federal question[3] and diversity jurisdiction[4] over this matter;

---

[1] Plaintiff's brief in support of his motion for remand states that he "does not seek relief from the court for [HIPAA Violations]," Plaintiff's Brief in Support of Motion to Remand at 3 [Docket # 8-1] (alteration in original). A July 18, 2011 letter filed by Medco indicates that plaintiff has agreed to strike Counts I, II, and III of the Complaint and that Medco does not oppose the remand of this action provided that the dismissal of Counts I-III is with prejudice [Docket # 14]. Although Medco subsequently questioned in a July 19, 2011 letter whether plaintiff has in fact agreed not to seek relief for HIPAA violations and to strike Counts I-III [Docket # 15], plaintiff unambiguously represents in a July 20, 2011 letter that he seeks no relief from the Court for alleged HIPAA violations and has agreed to strike Counts I-III [Docket #16].

[2] Medco did not indicate in either of its letters responding to plaintiff's motion whether it was responding on behalf of all defendants. However, none of the other defendants have filed an opposition to the motion to remand. Accordingly, plaintiff's motion is unopposed.

[3] The parties agree that the dismissal of Counts I-III, coupled with plaintiff's explanation that the Complaint does not seek relief for HIPAA violations, "would resolve all matters within the jurisdiction of this Court." July 18, 2011 Letter from Peter Korn [Docket # 14]; *see also* July 20 Letter from Richard Zelma [Docket # 16]. Dismissal of Counts I-III would leave only one count remaining, Count IV, which references two statutes: N.J. Stat. Ann. § 56:8-119 and 47 U.S.C. § 227. Although 47 U.S.C. § 227(b)(3) provides for a private cause of action for violation of the federal Telephone Consumer Protection Act, the Act "neither divested federal courts of diversity jurisdiction over private causes of action nor conferred on them federal question jurisdiction." *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 78 (3d Cir. 2011).

**IT IS** on this 1st day of September, 2011

**ORDERED** that plaintiff's request to voluntarily dismiss Counts I, II, and III of the Complaint is **GRANTED** and Counts I, II, and III of the Complaint are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand is **GRANTED**.[5]

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

Accordingly, Count IV does not provide this Court with federal question jurisdiction.

[4] Plaintiff is a New Jersey citizen. Defendant Medco, which is a Delaware corporation with its principal place of business in New Jersey, is also a New Jersey citizen. Accordingly, complete diversity among the parties does not exist.

[5] The Court declines to award plaintiff costs or fees in connection with the removal of this matter under 28 U.S.C. § 1447(c). *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal").